IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02170-BNB

MICHAEL LEE COTTON,

Plaintiff,

v.

LT. BRANDT,
STATE OF COLORADO,
CRIMINAL JUSTICE CENTER, and
CRIMINAL JUSTICE CENTER MAILROOM,

Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 22 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Michael Lee Cotton, is an inmate at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. Mr. Cotton has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. The court must construe the complaint liberally because Mr. Cotton is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Cotton will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The court has reviewed the Prisoner Complaint and finds that it is deficient. First, it appears that the Defendants identified by Mr. Cotton in the caption of the complaint as "Criminal Justice Center" and "Criminal Justice Center Mailroom" are not

proper Defendants in this action.  Mr. Cotton is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." ***Conn v. Gabbert***, 526 U.S. 286, 290 (1999).  It does not appear that the Defendants identified as "Criminal Justice Center" and "Criminal Justice Center Mailroom" are persons subject to suit pursuant to § 1983.  Therefore, Mr. Cotton will be directed to file an amended complaint that names proper Defendants.  Mr. Cotton should name as Defendants in the amended complaint the persons he believes actually violated his constitutional rights.

Mr. Cotton also is advised that he may not sue the State of Colorado in this civil rights action pursuant to 42 U.S.C. § 1983 because the State of Colorado is protected by Eleventh Amendment immunity.  *See **Will v. Michigan Dep't of State Police***, 491 U.S. 58, 66 (1989).

The complaint also is deficient because Mr. Cotton's claims are not clear.  Mr. Cotton asserts three claims that apparently relate to legal mail that was addressed to him at the Criminal Justice Center and that was returned to sender because he was not housed in the facility when the mail arrived.  However, Mr. Cotton fails to specify against which Defendant or Defendants each claim is being asserted.  It also is not clear what specific constitutional rights Mr. Cotton believes have been violated.  For example, Mr. Cotton does not identify any constitutional provision that allegedly was violated in his second claim and, although he asserts in his third claim that his Sixth and Fourteenth Amendment rights were violated, he does not assert any facts to explain how he believes his Sixth and Fourteenth Amendment rights have been violated.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005). In order to state a claim in federal court, Mr. Cotton "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Cotton must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. **See Ashcroft v. Iqbal**, 129 S. Ct. 1937, 1948 (2009). Accordingly, it is

ORDERED that Mr. Cotton file **within thirty (30) days from the date of this order** an amended complaint that complies with this order if he wishes to pursue his claims in this action. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Cotton, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Cotton fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED September 22, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02170-BNB

Michael Lee Cotton
Prisoner No. A0266244
Criminal Justice Center
2739 E. Las Vegas St.
Colorado springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 9/22/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk